UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Contour Design, Inc.

    v.                     Civil No. 09-cv-00451-JL

Chance Mold Steel Co.,
Ltd., et al.


**O R D E R**

Chance's emergency motion for an order authorizing a deposition by remote means (document no. 101) is DENIED. First, Chance has neither shown nor attempted to show how the proposed deposition of Drougge in Sweden via videoconference from the United States would satisfy any of the requirements of Fed. R. Civ. P. 28(b)(1), and, from all that appears, none of those requirements has been satisfied. Courts have denied leave to take remote depositions of witnesses in foreign countries when those depositions would not comply with Rule 28(b)(1). See United States v. Ruiz-Castro, 92 F.3d 1519, 1532-33 (10th Cir. 1996), overruled on other grounds, United States v. Flowers, 464 F.3d 1127 (10th Cir. 2006); Menovcik v. BASF Corp., No. 09-12096, 2010 WL 4867408, at *4-*5 (E.D. Mich. Nov. 23, 2010); cf. Jahr v. IU Int'l Corp., 109 F.R.D. 429, 432 n.3 (M.D.N.C. 1986) (calling it "questionable whether telephonic depositions are authorized outside of the United States or its insular possessions").

Though there is some caselaw to the contrary, Chance does not cite any of it, and this court does not find it persuasive.

Second, the "emergency" here--Chance plans to depose Drougge on the next business day from today, which is also the discovery deadline--is entirely of Chance's own creation.  Chance has known of Drougge's potential as a witness in this case for several months at least, but did not attempt to seek any relief relative to his deposition, in Sweden or elsewhere, until--quite literally --the last minute.  Nor does Chance ask to extend the discovery deadline to allow it to obtain the permission it says it would need to depose Drougge in Sweden, either in person or by remote means in a manner which would satisfy Rule 28(b)(1).  The "good cause" necessary for such an extension, see Fed. R. Civ. P. 16(b)(4), is not apparent in the materials now before the court. Further, though this did not impact the court's ruling, Chance has not explained why it disregarded this court's preliminary pretrial order on the resolution of discovery disputes by conference rather than formal motion (particularly in light of the fact that such a conference occurred just this morning on another discovery dispute).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  January 7, 2011

cc: Anne M. McLaughlin, Esq.
    Jonathan W. Woodard, Esq.
    Jordan L. Hirsch, Esq.
    Laura A. Sheridan, Esq.
    Lawrence L. Blacker, Esq.
    Michael J. Summersgill, Esq.
    Robert J. Gunther, Esq.
    Felix J. D'Ambrosio, Esq.
    John R. Schaefer, Esq.
    Thomas J. Moore, Esq.
    Peter G. Callaghan, Esq.