```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW HAMPSHIRE
```

<u>Contour Design, Inc.</u>

    v.                                    Civil No. 09-cv-451-JL

<u>Chance Mold Steel Co., Ltd.</u>
<u>and EKTouch Co., Ltd.</u>

## **PROCEDURAL ORDER**

Following an unsuccessful effort to settle this matter, in which a jury has returned a verdict of $7.7 million against them on plaintiff Contour Design, Inc.'s claims for breach of contract and misappropriation of trade secrets, defendants Chance Mold Steel Co., Ltd. and EKTouch Co., Ltd. secured new counsel and requested a telephone conference with the court to discuss the handling of certain outstanding issues: Contour's request for a permanent injunction, Contour's claim for "willful and malicious" misappropriation, and the recovery of cash that Contour deposited into this court as security for the preliminary injunction issued against Chance. As directed during the conference, the parties have since filed a joint submission setting forth their respective positions on to what extent these issues remain outstanding, and whether and when the court should conduct an evidentiary hearing and receive briefing on those issues.

The parties do not agree on much, but they do agree that the court should have an evidentiary hearing on one outstanding

issue--whether Contour will suffer irreparable harm without the permanent injunction. Contour believes that the hearing should be limited solely to that issue. Chance, though, argues that the hearing should embrace not only "all issues relating to the propriety of a preliminary injunction, including scope of injunction, irreparable harm, and equitable defenses," but also Contour's claim for willful and malicious misappropriation, because not all of the evidence potentially relevant to that was presented during the trial.

**Scope of hearing**. In light of the parties' agreement that an evidentiary hearing is needed, the court will not, at this point, limit the hearing to solely the issue identified by Contour. Instead, the court will allow either party to present evidence on any of the issues identified in the joint submission--subject to the court's ability to disregard that evidence if either (1) the party presenting the evidence waived the opportunity to present it at trial, or (2) the evidence is relevant solely to an issue that was necessarily decided by the jury in reaching its verdict. There is one exception, however: the issue of "equitable defenses" to the permanent injunction. Chance did not raise any such defenses in its answer (with the potential exception of "the Doctrine of Estoppel," which would not seem to apply to Contour's request for a permanent injunction) so any such defenses are waived. See Contour Design,

Inc. v. Chance Mold Steel Co., Ltd., 2011 DNH 069, 21-26 (refusing to allow Contour to assert a statute of limitations defense to Chance's counterclaim which Contour had failed to plead in its reply). Chance will not be permitted to present any evidence at the hearing that is relevant solely to unpleaded defenses.

**Briefing.** The parties also disagree over whether there should be further briefing on the issue of willful and malicious misappropriation. While each party has already submitted proposed findings and rulings on that claim, Chance argues that these "did not adequately present the matter."[1] But the fact remains that Chance had the opportunity to "adequately present" its position on the willful and malicious misappropriation claim in its proposed findings and rulings, and has not explained why it should get another such opportunity. So the court will not receive any additional briefing on that claim. If, however, there is evidence received at the hearing which was not received

---

[1] During the telephone conference, Chance had suggested that the willful and malicious misappropriation claim should have been decided by the jury--despite the fact that Chance had voiced no disagreement with this court's statements, both at oral argument on the motions in limine and in the order resolving them, that the claim would be decided by the court, and, for that matter, Chance's never arguing during trial that the claim should go to the jury, followed by its submission of proposed findings and rulings to assist the court in deciding the claim. The court takes Chance's present request to submit additional briefing on the willful and malicious misappropriation claim as another act of acquiescence in having the court decide that claim.

at trial, and which would support supplemental requests for findings and rulings on that claim, then either party may seek leave to file such requests at that time (subject to the court's ability to disregard evidence that the party could have presented at trial but did not, as already discussed).

**Schedule.**  Accordingly, the court sets forth the following schedule for briefing and an evidentiary hearing on the remaining issues:

- Contour shall submit a proposed permanent injunction order, together with a memorandum in support of that order, not to exceed 25 pages, by no later than **September 2, 2011**;

- Chance shall submit a memorandum in opposition to Contour's proposed preliminary injunction order by no later than **September 16, 2011**; and

- the court shall conduct an evidentiary hearing as set forth in this order, starting **October 3, 2011, at 9:30 a.m.**

**Bond.**  Finally, the parties also raised, both during the conference call and in their joint submission, Contour's request for the return of the cash security for the preliminary injunction on deposit in the court registry.  While the request had been premature in light of Chance's appeal, the court of appeals recently affirmed the preliminary injunction.  See Contour Design, Inc. v. Chance Mold Steel Co., Ltd., __ F.3d __, No. 10-2415, 2011 WL 3505594 (1st Cir. Aug. 11, 2011).  So Chance shall show cause, within 10 days of the issuance of the circuit's mandate on the appeal, why the security should not be returned to

Contour (of course, if Chance does not object to that relief, it may simply advise the clerk).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  August 18, 2011

cc:  Ann M. McLaughlin, Esq.
     Jonathan W. Woodward, Esq.
     Jordan L. Hirsch, Esq.
     Laura A. Sheridan, Esq.
     Lawrence L. Blacker, Esq.
     Michael J. Summersgill, Esq.
     Robert J. Gunther, Esq.
     Sarah B. Petty, Esq.
     Peter G. Callaghan, Esq.
     Daniel H. Fingerman, Esq.
     Daniel S. Mount, Esq.
     Felix J. D'Ambrosio, Esq.
     John R. Schaefer, Esq.
     Kathryn G. Spelman, Esq.
     Kevin M. Pasquinelli, Esq.
     Thomas J. Moore, Esq.